NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>MICHAEL J. TERUI,<br><br>          Defendant-Appellant. | No.   18-10237<br><br>D.C. No.<br>1:17-cr-00107-JMS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted October 21, 2019[**]
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

The district court properly denied Michael Terui's motion to suppress the

statements he made after taking a polygraph test and the physical evidence found at

his home.

The police did not violate Terui's rights under *Miranda v. Arizona*, 384 U.S.

----

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

436 (1966), by failing to issue a new set of warnings following the conclusion of his polygraph test. The transition from a polygraph test to a new round of questioning does not, by itself, require additional *Miranda* warnings. *See Wyrick v. Fields*, 459 U.S. 42, 48–49 (1982) (per curiam). Rather, we look to the totality of the circumstances to determine whether the warnings already given and the suspect's waiver of his rights remained in effect. *Id.* Here, "[n]o appreciable time had elapsed" between the end of the polygraph test and the beginning of the new questioning, *United States v. Nordling*, 804 F.2d 1466, 1471 (9th Cir. 1986), and the questioning was part of "an uninterrupted sequence of events," *United States v. Andaverde*, 64 F.3d 1305, 1312 (9th Cir. 1995). In addition, before submitting to the polygraph test, Terui waived his *Miranda* rights with full knowledge that the detective intended to return after the test to discuss the results. The later round of questioning was thus part of the questioning encompassed within Terui's knowing, intelligent, and voluntary waiver of his rights.

Because no *Miranda* violation occurred, the police permissibly relied on Terui's incriminating statements in obtaining the search warrant for his home. Even if a *Miranda* violation had occurred, however, suppression of the evidence found pursuant to the warrant would not be appropriate. Physical evidence discovered as the fruit of unwarned statements may be suppressed only if the statements were made involuntarily, in violation of the Due Process Clause.

*United States v. Patane*, 542 U.S. 630, 636–37 (2004) (plurality opinion); *Oregon v. Elstad*, 470 U.S. 298, 305–06 (1985). The district court correctly found no evidence to support a finding of involuntariness. Terui alleged no physical or psychological coercion, and there was no evidence suggesting that Terui's will was overborne. Thus, even if Terui had established a *Miranda* violation, he would not have been entitled to suppression of the evidence discovered pursuant to the search warrant.

**AFFIRMED.**